**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50272
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MANUEL CARRERA-JAQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3131-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Manuel Carrera-Jaquez (Carrera) pleaded guilty to illegally reentering the United States after previously being deported. Because Carrera had been deported after being convicted of importing marijuana, 12 levels were added to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(B). The district court sentenced Carrera to a 30-month prison term, which was at the low end of the guidelines range of 30 to 37 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carrera argues on appeal that his sentence is substantively unreasonable. We presume that Carrera's within-guidelines sentence is reasonable. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 360 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also Rita v. United States*, 551 U.S. 338, 352-56 (2007). Furthermore, because Carrera did not object in the district court to the reasonableness of the sentence, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

As Carrera recognizes, this court has explicitly rejected his argument that nonuniform participation in the fast-track program among districts causes unwarranted sentencing disparities. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 & n.4 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Carrera also asserts that his sentence is unreasonably high and greater than necessary because the illegal-reentry Guideline that added 12 levels to his base offense level is not supported by empirical data and the sentence fails to take into account some of the 18 U.S.C. § 3553(a) factors. This court has soundly rejected the argument that the application of the illegal-reentry Guideline, § 2L1.2, results in an unreasonable sentence, holding instead that a sentence within a guidelines range calculated using this Guideline is presumed reasonable on appeal. *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

Finally, Carrera cannot succeed on his argument that his sentence unreasonably fails to take into account the mitigating factors that he raised at sentencing. The district court heard Carrera's arguments, but merely rejected them, as it was entitled to do. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Given the high degree of deference that this court gives to the sentencing court, *id.*, Carrera simply has not overcome the presumption that the within-guidelines sentence is reasonable, much less has he established that the court plainly erred.

The judgment of the district court is AFFIRMED.